**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GROVER GAMING, INC. et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21-CV-1505 PLC** |
| | ) | |
| **ANIL PATEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiffs Grover Gaming, Inc. and Banilla Games, Inc.'s motion for entry of clerk's default and motion for default judgment. [ECF Nos. 11 & 12]

On December 28, 2021, Plaintiffs filed a three-count complaint against Defendant Anil Patel arising from Defendant's alleged display of a pirated electronic video game at his convenience store. [ECF No. 1] Plaintiffs allege: (1) copyright infringement, 17 U.S.C. § 101, et seq.; (2) violation of the Lanham Act, 15 U.S.C. § 1125; and (3) unfair competition, 15 U.S.C. § 1125(a). Plaintiffs seek injunctive and monetary relief, as well as attorney fees.

The record shows that Defendant was served with process on December 30, 2021, but did not timely file an answer or other response to the complaint. Consequently, the Court ordered Plaintiffs to file motions for entry of default by the Clerk of the Court under Federal Rule of Civil Procedure 55(a) and for default judgment under Rule 55(b). [ECF No. 8] Plaintiffs complied with

the Court's order and filed the motions on February 22, 2022. [ECF Nos. 11 &12] Shortly thereafter, Defendant filed pro se motions to appoint counsel and to dismiss.[1] [ECF Nos. 14 &15]

"The entry of default judgment is not favored by the law, and should be a rare judicial act." Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc., 63 F.3d 685, 688 (8th Cir.1995) (internal quotations and citations omitted). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is "only appropriate where there has been a clear record of delay or contumacious conduct." Taylor v. City of Ballwin, Missouri, 859 F.2d 1330, 1332 (8th Cir.1988).

Furthermore, "the Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment." Mangold v. Cavalary SVP I, LLC, No. 2:20-CV-54 NAB, 2021 WL 5505377, at *2 (E.D. Mo. Nov. 24,2021) (citing United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." Hanover Ins. Co. v. Harding Enters., LLC, No. 1:17-CV-108 ACL, 2018 WL 497528, at *3 (E.D. Mo. Jan. 22, 2018) (quoting Lee v. Brotherhood of Maint. of Way Emps., 139 F.R.D. 376, 381 (D. Minn. 1991)).

Although untimely, Defendant has appeared by virtue of his motion to dismiss and demonstrated a desire to contest this action. See e.g., Hanover Ins. Co., 2018 WL 497528, at *3; Westley v. Mann, No. 11-3704 JNE/JSM, 2014 WL 1607681, at *3 (D. Minn. Mar. 17, 2014). In light of the Court's preference for adjudication on the merits and in the absence of prejudice to

[1] The Court construes pro se Defendant's motion to dismiss [ECF No. 15] liberally, and grants him leave to file it out of time. See, e.g., Brown v. Hill, No. 4:21-CV-601 CDP, 2021 WL 6049811, at *1 n. 1 (E.D. Mo. Dec. 21, 2021).

Plaintiffs, the Court denies Plaintiffs' motions for entry of clerk's default and default judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions for entry of clerk's default and default judgment [ECF Nos. 11 & 12] are **DENIED.**

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of February, 2022