UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GROVER GAMING, INC. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-1505 PLC |
| ) | |
| ANIL PATEL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Anil Patel's pro se motion to appoint counsel [ECF No. 14] and motion to dismiss the case. [ECF No. 15]  Plaintiffs Grover Gaming, Inc. and Banilla Games, Inc. oppose Defendant's motion to dismiss. [ECF No. 19]

On December 28, 2021, Plaintiffs filed a three-count complaint against Defendant Anil Patel arising from Defendant's alleged display of a pirated electronic video game at his convenience store.  [ECF No. 1]  Plaintiffs allege:  (1) copyright infringement, 17 U.S.C. § 101, et seq.; (2) violation of the Lanham Act, 15 U.S.C. § 1125; and (3) unfair competition, 15 U.S.C. § 1125(a).  Plaintiffs seek injunctive and monetary relief, as well as attorney fees.

Despite being served with process on December 30, 2021, Defendant did not timely file an answer or other response to complaint until Plaintiffs filed motions for entry of default by the Clerk and for default judgment on February 22, 2022.  [ECF Nos. 11 & 12]  On the same day, Defendant filed the instant motions for appointment of counsel and to dismiss the case.  The Court considers each motion in turn.

      I.      Motion to Appoint Counsel

1

Defendant's two-sentence, handwritten request for counsel states: "Requesting for lawyer on our behalf if possible. Because we can not [sic] afford outside lawyer." [ECF No. 14] Plaintiffs did not respond to Defendant's motion.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). See also Crozier for A.C. v. Westside Community Sch. Dist., 973 F.3d 882, 889 (8th Cir. 2020). The factors a court considers when deciding whether to appoint counsel in a civil case include whether: (1) the party can afford to retain an attorney; (2) the party has made a good faith effort to retain an attorney but has been unable to do so; and (3) the nature of the litigation is such that the party and the court would benefit from the assistance of counsel. Slaughter v. Maplewood, 731 F.2d 587, 590 (8th Cir. 1984). A court also considers the factual complexity of the case, the pro se litigant's ability to investigate the facts, the existence of conflicting testimony, and the pro se litigant's ability to present his or her legal arguments. Stevens, 146 F.3d at 546.

Defendant has not demonstrated that he is unable to afford an attorney, that he has made a good faith effort to retain an attorney, or that he is entitled to counsel based on the above factors. See, e.g., Jo Ann Howard & Assocs., P.C. v. Cassity, No. 2014 WL 12789115, at *2 (E.D. Mo. 2014). The Court therefore denies Defendant's motion for appointment of counsel.

II.     Motion to Dismiss

Defendant also filed a motion to dismiss Plaintiffs' claims against him. [ECF No. 15] In the handwritten motion, Defendant states that: he purchased the electronic game in question on Alibaba.com; Defendant did not know that the game was "fake" and "illegal to operate"; after receiving notice of Plaintiffs' lawsuit, Defendant returned the game to "3D Electronics"; and he

has not received a refund.[1]  Defendant requests the Court dismiss this case, reasoning:  "I am just a victim buying online game and never got refund I lost all money what I pay [sic]."  [Id. at 2] Plaintiffs oppose Defendant's motion to dismiss, arguing that it "provides no factual or legal grounds for dismissing Plaintiffs' Complaint, and instead contains admissions by Defendant that he has engaged in the wrongful conduct alleged by Plaintiffs."  [ECF No. 19 at 2]

Federal Rule of Civil 12(b) sets forth the bases upon which a court may dismiss a case.[2]  Fed. R. Civ. P.  12(b).  See also Country Mutual Inc. Co. v. Clements, No. 1:18-CV-273 SNLJ, 2019 WL 1275022, at *1 (E.D. Mo. Mar. 20, 2019).  Although Defendant does not identify the basis for his motion to dismiss, he appears to challenge the legal sufficiency of Plaintiffs' complaint pursuant to Rule 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  When

---

[1] Defendant attached a "pickup receipt" from Guangzhou 3D Electronic Technology Co., Ltd. dated January 5, 2022.  [ECF No. 15 at 3]  As the proffered receipt relates to matters outside the pleadings, it cannot properly be considered on a motion to dismiss.  See Fed. R. Civ. P. 12(d).

[2] Fed. R. Civ. P. 12(b) provides, in relevant part:
>  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>  (1) lack of subject-matter jurisdiction;
>  (2) lack of personal jurisdiction;
>  (3) improper venue;
>  (4) insufficient process;
>  (5) insufficient service of process;
>  (6) failure to state a claim upon which relief can be granted; and
>  (7) failure to join a party under Rule 19.

considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)).

Here, Defendant does not attempt to explain why Plaintiffs failed to state a claim against him.  "The Court may not dismiss a case for reasons of sympathy, as defendant requests. Defendant will be permitted to present [his] own evidence as the litigation proceeds; however, all parties must follow the Federal Rules of Civil Procedure."  Country Mutual Ins., 2019 WL 1275022, at *1.  The Court therefore denies Defendant's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to appoint counsel [ECF No. 14] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** Defendant's motion to dismiss [ECF No. 15] is **DENIED without prejudice**.

                PATRICIA L. COHEN
                UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2022